UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------x
SHAWN NEWTON,

                     Petititoner,

-against-

SUSAN MACDERMOTT, GOV.,

                     Respondent
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

08-CV-3886 (ENV)

VITALIANO, United States District Judge:

Pro se petitioner Shawn Newton ("Newton"), who is currently incarcerated at the Federal Medical Center in Butner, North Carolina, has filed yet another petition, ostensibly pursuant to 28 U.S.C. § 2241 ("§ 2241"). For the following reasons, the petition is dismissed.

## BACKGROUND

Newton has previously filed multiple similar submissions in this Court, each consisting of nearly illegible handwritten allegations on form petitions for a writ of habeas corpus pursuant to § 2241. The instant submission names defendant Susan MacDermott ("MacDermott"), who was also named as a defendant in a previous petition, Newton v. United States, et al., 08 CV 3697 (ENV). Like several of his previous filings, the instant submission purports to challenge Newton's November 28, 2002 conviction in this Court for violating 18 U.S.C. § 922(g)(1). United States v. Newton, 01 CR 0126 (DGT). Newton has previously filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging that conviction. Newton v. United States, Docket No. 04 CV 3885 (DGT), 2007 WL 2891405 (E.D.N.Y. Sept. 28, 2007)(dismissing the petition).

In the instant petition, Newton renews his claim that he was subjected to double jeopardy because he "was suppose [sic] to be exonerated" by the state court on the same charges on which

he was later indicted in the federal court. (Pet. ¶ 3.) The Court considered this claim on habeas review and found it to be wholly without merit. See Newton, 2007 WL 2891405, *3. Newton also claims that MacDermott "redacted the material element from the indictment" (Pet. ¶ 12), and that "the material statute is unconstitutional and the indictment is defective" (Pet. ¶ 13).

## DISCUSSION

Title 28 of the United States Code, Section 2241 permits federal courts to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However the application of this provision is limited by Sections 2254 and 2255 of that title, which provide separate mechanisms for state and federal prisoners challenging the legality of their convictions or sentences. "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). A federal prisoner challenging his conviction or sentence may file a § 2241(c)(3) petition only in certain limited situations where § 2255 is an inadequate or ineffective remedy and "when the failure to allow for some form of collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 377 (interpreting the "savings clause" of 28 U.S.C. § 2255(e)).

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), contains a number of restrictions, however, and a petitioner challenging his conviction or sentence is limited to a single petition pursuant to § 2255, unless a second or successive motion "is certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the

2

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. However, this unavailability of a second or successive § 2255 petition is not grounds for application of the savings clause in § 2255(e), unless the prisoner is asserting "actual innocence" and "could not have effectively raised [his] claim[s] of innocence at an earlier time." Cephas v. Nash, 328 F.3d 98, 105 (2d Cir. 2003) (citations omitted); see also Jiminian, 245 F.3d at 147-148 ("We now hold that § 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion.").

In this case, Newton has already filed the one petition pursuant to § 2255 to which he is entitled. He does not assert "actual innocence" nor the prior unavailability of a new claim raising serious constitutional questions, such that he could invoke the savings clause of § 2255(e). Accordingly, he is precluded from challenging the constitutionality of his conviction or sentence by way of a petition pursuant to § 2241.

This is Newton's tenth petition filed pursuant to § 2241.[1] All ten petitions and four additional civil actions pursuant to 42 U.S.C. § 1983 were dismissed sua sponte by the

---

[1] See 01 CV 1021 (DGT), 06 CV 5393 (DGT), 08 CV 1147 (DGT), and 08 CV 3494 (ENV); 08 CV 3624 (ENV); 08 CV 3693 (ENV); 08 CV 3695 (ENV); 08 CV 3696 (ENV); and 08 CV 3697 (ENV).

3

Court.[2] Newton is again warned that the future filing of vexatious and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking <u>in forma pauperis</u> status without leave of the Court. See <u>In re Sassower</u>, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); <u>In re McDonald</u>, 489 U.S. 180, 184 (1989) (prohibiting a litigious § 2241 petitioner from proceeding <u>in forma pauperis</u> when seeking future extraordinary writs from the Court.).

## CONCLUSION

For the foregoing reasons, the above-captioned petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: October 28, 2008
      Brooklyn, New York

---

[2] <u>See</u> Docket Nos. 01 CV 2855 (DGT), 01 CV 2875 (DGT), 05 CV 1570 (DGT), 08 CV 0850 (DGT).

4